# Commonwealth v. International Harvester Company of America.

(Decided April 12, 1912.)

## Appeal from Anderson Circuit Court.

1. Indictments—Cannot be Amended.—A defective pleading may be amended, but an indictment cannot, and when it is defective the only remedy open to the Commonwealth is to resubmit the question to the grand jury and have another indictment returned.
2. Indictments.—An indictment charging certain acts to have been committed within the last twelve months is not good when such acts, during a part of that time, are not prohibited by law.

CARROLL & CARROLL, T. C. CARROLL, JAMES BREATHITT, Attorney General and CHAS. H. SANFORD for appellant.

ARTHUR M. RUTLEDGE, WILLIS, TODD & BOND for appellee.

OPINION OF THE COURT BY JUDGE LASSING—Affirming.

The grand jury of Anderson County, on March 16th, 1907, returned the following indictment:

"The grand jurors of the County of Anderson, in the name and by the authority of the Commonwealth of Kentucky, accuse The International Harvester Company of America of the offense of unlawfully creating, establishing, organizing and entering into, becoming a member of, party to, and interested in, a pool, trust, combine, agreement, confederation and understanding, with other corporations, partnerships, individuals, persons, and associations of persons, for the purpose of regulating, controlling and fixing the price of merchandise, manufactured articles and property, committed in manner and form as follows, to-wit: The said International Harvester Company of America in the said county of Anderson on the —— day of December, 1906, and before the finding of this indictment, did, in the said county of Anderson, and within the twelve months next before the finding of this indictment, unlawfully create, establish, organize, enter into and become a member of a party to, and interested in, a pool, trust, combine, agreement, confederation, and understanding, with the International Harvester Company, a corporation, and with other corporations, partnerships, individuals, persons and associations of persons, to this grand jury unknown, which pool, trust and combination was so created, es-

tablished, and organized and entered into for the purpose of regulating, controlling and fixing the price of merchandise, manufactured articles, and property, namely, harvester machines, reapers, binders, and other farming machinery and implements, and in pursuance of said agreement, did regulate, control and attempt to fix the price of said property in said county, the said International Harvester Co., being a corporation created under and by the laws of the State of Wisconsin. Against the peace and dignity of the Commonwealth of Kentucky.''

The defendant was brought before the court and entered a general demurrer thereto. The attorney for the Commonwealth thereupon offered to file a bill of particulars. The court refused to permit this to be filed, sustained the demurrer and dismissed the indictment. The Commonwealth appeals.

It is apparent that this indictment was drawn under the act of 1890, known as the anti-pool or trust law, same being section 3915, Kentucky Statutes, because it does not charge that the purpose of the combination or pool was to enhance the price of the machines above their real value, and this is the gravamen of the offense of the act of 1906, known as the pooling act. The charge in the indictment does not constitute an offense under the pooling act (Commonwealth v. International Harvester Co., 116 S. W., 703), and, therefore, it is a good indictment for a part of the time, to-wit, from March 16, 1906, to March 21, 1906, or five days, when the latter act became operative; but as to the remainder of the time covered by the indictment, no offense is charged.

For appellee it is insisted that, as the indictment charges that the offense was committed within the twelve months next before it was returned, the Commonwealth was entitled to show that the offense was committed at any time within that time, to-wit, in the five days intervening between March 16, 1906, and March 21, 1906, and that it should have been permitted to file a bill of particulars notifying the defendant that its evidence would be limited to an effort to establish the violation of the law within that time.

The effect of filing a bill of particulars would be to amend the indictment. This can not be done. A defective pleading may be amended, but an indictment can not, and when it is defective the only remedy open to

the Commonwealth is to resubmit the question to the grand jury and have another indictment returned.

There being no authority for filing a bill of particulars or amending the indictment, there remains only this question, is an indictment, charging certain acts to have been committed within the last twelve months, good when such acts, during a part of that time, are not prohibited by law? This identical question was before this court in Commonwealth v. Aultmire, 22 Rep., 511. There an indictment was returned against Aultmire for violating the local option law in Hartford, Ohio County, which became operative June 5, 1899. The indictment was returned May 24, 1900, and charged a violation of the law within the twelve months last past. Thus, it will be seen that the only difference between the proceeding in that case and this is that the violation there charged was the local option law, while here it is the anti-trust law. Both are misdemeanors. In disposing of the question, the court said:

"The charge, as made in the pleading, therefore, covers a period of time prior to the time when the law took effect. Construing the pleading most strongly against the pleader, it charges appellee with committing an act at a time when it was not unlawful to commit it. The trial court, therefore, properly sustained the demurrer and dismissed the indictment."

In that case for about twelve days of the time covered by the indictment it was not unlawful to sell liquor in Hartford, that is, the local option law was in force during the whole time covered by the indictment except twelve days. In the case at bar the anti-trust law was in force, that is, not modified by the pooling act, during only five days of the entire year. Hence, the case from which we have just quoted is a much stronger case in favor of the Commonwealth than that under consideration, and is clearly decisive of the question here.

The trial judge correctly held the indictment bad on demurrer.

Judgment affirmed.