## No. 9317.

### NOBLE ET AL. v. THE PEOPLE.

1. CRIMINAL ·LAW—*Information—Evidence.* Where the information charges the commission of several distinct offenses, a general verdict of "guilty as charged", will not be sustained, unless the evidence is sufficient to convict of each and all of the offenses charged. A conviction, upon these facts of a conspiracy to violate the statutes cannot be sustained.

2. INTOXICATING LIQUORS—*Statute Construed.* Each of the sections 1, 2, 5, 10 of the Prohibitory Act of 1915 (Laws 1915, c. 98) defines and denounces a distinct offense. Sections 7, 8, 9 and 10 are to be construed together. Sections 7, 8, 9 relate to liquors shipped from abroad. Sec. 10 was not intended to apply to one carrying from place to place in the state, for his own use, his own liquors, purchased before the act took effect.

The word "package", as contained in this section, means a shipping package as ordinarily understood in commerce.

3. *Conspiracy.* To convict of a criminal conspiracy upon evidence of facts which constitute no offense, is beyond the judicial power.

4. INFORMATION—*Allegations as to Time.* The information must charge the commission of the alleged offense at a date when it was violation of the law to commit the act charged.

A charge of a conspiracy entered into on a certain date, to do what was not at that unlawful, is to charge no offense.

*Error to Adams District Court, Hon. Harry S. Class, Judge.*

Mr. F. T. JOHNSON, Mr. S. H. JOHNSON, for plaintiffs in error.

Hon. LESLIE E. HUBBARD, attorney general; Mr. CHARLES ROACH, Mr. JOHN L. SCHWEIGERT, Mr. RALPH E. C. KERWIN, Mr. BERTRAM B. BESHOAR, assistant attorneys general, for the people.

Garrigues, C. J.:

THIS conspiracy charge is a companion to case No. 9188, decided at the September Term, 1918, and reported in 65 Colo. 509, 177 Pac. 970.

Upon an information filed May 21, 1917, charging that William Noble and Al Duncan, January 1, 1916, at Adams County, unlawfully did conspire, confederate and agree together to unlawfully sell, and keep for sale, intoxicating liquors, and unlawfully to keep, aid and abet in keeping, intoxicating liquors for sale and gift as a beverage, and for distribution and division to hotels, restaurants, rooming houses, boarding houses and places of public entertainment, and unlawfully to carry and cause to be carried about their person intoxicating liquors for the purpose of selling, bartering, exchanging, giving away and illegally delivering the same, and unlawfully and knowingly to carry intoxicating liquors from one point to another in the state without marking conspicuously the package containing such liquors, where it could be plainly seen and read, these words, "this package contains intoxicating liquors," the jury returned the following general verdict: "We, the jury, find the defendants, William Noble and Al Duncan, guilty in manner and form as charged in the information filed herein." Thereupon each were sentenced to six months in the county jail, and to pay a fine of $100.00 each and to stand committed until the fine and costs were paid.

This information charges a conspiracy to violate four sections of the prohibition act of 1915, which went into force and effect from and after January 1, 1916.

Section 1 provides, that no person shall import into the state any liquors for sale or gift, and no person shall sell, keep or offer for sale within the state any intoxicating liquors.

Section 2 relates to clubs, restaurants, hotels and the like.

Section 5 relates to "bootlegging."

Section 7 deals with common carriers in the importation and transportation of liquors into the state, and the method of keeping a record thereof.

Section 8 deals with the method of delivery, and refers to a consignor, a consignee, and a carrier, and to shipped-in liquors, and to a shipping package as understood by a consignee, consignor and carrier.

Section 9 deals with the method of handling liquors while in transportation by a carrier, and relates to packages shipped into the state.

Section 10 relates to the carrying and identification of shipped-in liquors.

Section 28 provides: "This act, and every section thereof, shall become operative and be in full force and effect from and after the 1st day of January, A. D. 1916. All acts and parts of acts in conflict with this act are hereby repealed, said repeals to become effective from and after January 1, 1916."

Garrigues, C. J., after stating the case as above, delivered the opinion of the court:

1. It will be seen the information charges in one count a conspiracy to violate Sections 1, 2, 5 and 10 of the act. The violation of each one of the sections constitutes a distinct offense. Section 1 relates to selling and keeping for sale liquors; Section 2 relates to clubs, hotels, restaurants and the like; Section 5 relates to "bootlegging," and Section 10 to marked packages  The verdict of the jury being general, it is impossible to say upon which one of these sections it is based, and, unless the evidence sustains a conspiracy to violate them all, the case will have to be reversed. To make a concrete case, unless the evidence sustains a conspiracy to violate Section 10 regarding packages, the conviction can not stand. Before the prohibition act went into effect Noble had purchased bottled liquor which he kept in a room in Duncan's farm residence in

Adams County for his own use.    May 16, 1916, he put
some of the bottled liquor in gunny sacks and was carrying
it in his buggy on the highway to his home in Denver, when
he was arrested by the sheriff, who searched the buggy
and took the liquor from him.    This conspiracy charge for
violating Section 10, for which he and Duncan were con-
victed, is based upon the fact that neither the bottles nor
the gunny sacks bore the label, "This package contains in-
toxicating liquor."

The court instructed the jury that, if they believed from
the evidence beyond a reasonable doubt that defendants,
on or about January 1, 1916, unlawfully conspired and
confederated and agreed to unlawfully and knowingly carry
intoxicating liquors from one point to another in the State
of Colorado, without marking conspicuously the package
containing such liquors, where it could be plainly seen, with
these words, "This package contains intoxicating liquors,"
then they should find the defendant guilty.

We think the package referred to in Section 10 is the
same kind of a package referred to in Sections 8 and 9.
Sections 7, 8, 9 and 10 should be construed together, and
we are not of the belief that Section 10 was intended to
apply to one carrying his own liquor, that he had purchased
before the act went into effect, from one place to another
in the state for his own use.    Section 10 is a part of a com-
plete act which should be construed as a whole.    By so
doing, it will be seen that Sections 7, 8, 9 and 10 relate to
shipped-in liquors.    The word "package" means a shipping
package as ordinarily understood in the commercial world.
To ship and deliver property means a change of custody.
There was no shipment and no change of custody of this
liquor.    The owner was simply carrying his own liquor,
he was neither shipping nor delivering it.    The carriage of
one's own liquor, that he had purchased and had in the
state before the prohibition act of 1915 went to effect, from
one point to another within the state, for his own private
use, is neither a shipment nor a delivery.    To constitute a
criminal conspiracy, there must be a conspiracy to do an

unlawful act which amounts to a crime: *Lipschitz v. The People*, 25 Colo. 265, 53 Pac. 1111. A court has no power or jurisdiction to convict upon facts that constitute no offense. It is, therefore, evident that the evidence did not sustain a conviction upon a conspiracy charge to violate Section 10 of the act.

2. The prosecution evidently charged that the conspiracy was entered into on January 1, 1916, because it thought the prohibition act went into effect on that day, and it could allege that day and prove any date within the period of the statute of limitations, which is ordinarily true. But the pleader must plead a date when it would be an offense to do the things charged. The constitution and the statute both provided that the prohibition act of 1915 should go into effect "from and after January 1, 1916," which would be January 2nd. January 1, 1916, the law permitted the sale of intoxicating liquors in any amount and there could be no conspiracy to sell or keep them for sale on that day. The conspiracy charge had to be for some unlawful act which amounted to a crime. Defendants could agree to buy, sell or otherwise dispose of intoxicating liquors on January 1st. The charge and conviction was for an alleged conspiracy to violate a law said to be then in effect, not the violation of a future or prospective statute to go into effect. In a conspiracy charge the alleged unlawful act which the parties have in contemplation is one of the principal ingredients of the crime. That is to say, if the acts which they are charged as conspiring to do were not unlawful, then the information does not charge a conspiracy. The complaint pleads a conspiracy to do acts which it is alleged were unlawful on January 1, 1916; but they were not, they were lawful. There is no charge of conspiracy to violate a law to take effect in the future. If defendants had done all the things said of them in the information on January 1st, they would not have violated the prohibition statute of 1915. While it is generally true the pleader is not confined to the date alleged, but may prove any day within the period of the statute of limita-

tions, that is, generally speaking, the date of an alleged transaction is not a material allegation, still, to charge a crime, a day certain must be alleged and the offense must be an offense at the time alleged in the information: 1 Biship's Criminal Procedure, Sec. 404; *Commonwealth v. Aultmire,* 58 S. W. 369; *Commonwealth v. International Harvester Co.,* 147 Ky. 735, 145 S. W. 400; *Thorp v. Smith,* 64 Fla. 154, 156, 157, 158, 59 South. 193; *Dreyer v. People,* 176 Ill. 590, 598, 52 N. E. 372; *Collins v. State,* 58 Ind. 5; *Commonwealth v. Maloney,* 112 Mass. 283, 284; *Hodnett v. State,* 66 Miss. 26, 29, 30, 5 South. 518.

Judgment reversed and cause remanded with directions to dismiss the case.

Mr. Justice Teller and Mr. Justice Burke concur.