## Alford v. Commonwealth.

(Decided November 9, 1926.)

## Appeal from Clark Circuit Court.

1. Indictment and Information—Indictment for Second Offense, under Rash-Gullion Act, Not Alleging that Sale of Liquors Occurred Since Act Took Effect, Held Fatally Defective (Rash-Gullion Act, section 2).—Indictment under Rash-Gullion Act (Acts 1922, chapter 33) section 2, for second offense, charging defendant with sale of liquor and alleging that she was convicted by judgment rendered on certain date, held fatally defective, as not charging that sale occurred since act took effect.

2. Indictment and Information.—Indictment for second offense, under Rash-Gullion Act, section 2, must allege that defendant was previously convicted for violation of act, and must show that sale was made since act took effect.

3. Indictment and Information.—Where indictment charges more than one offense, and Commonwealth elects offense relied on, demurrer may be overruled, and trial had on cause it elects to prosecute.

C. F. SPENCER for appellant.

FRANK E. DAUGHERTY, Attorney General, and G. D. LITSEY, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Reversing.

Appellant, Etta Alford, was convicted in the Clark circuit court on an indictment accusing her of a second offense in the sale of intoxicating liquors, under section 2 of chapter 33 of the Acts of 1922, commonly called the Rash-Gullion Act, her punishment being fixed at two years in the state penitentiary. As grounds for a reversal of the judgment she insists that the lower court erred in overruling her demurrer to the indictment; that the evidence was not sufficient to justify a conviction; error of the court in allowing the introduction of incompetent evidence against her, and the court gave erroneous instructions to the jury.

The act provides the punishment for the first conviction, for the unlawful sale of intoxicating liquors, and then says: "Upon a second conviction . . . the defendant . . . shall be confined in the penitentiary for not less than one year nor more than three years." The act was approved March 22, 1922, and became effec-

tive upon that date. In order for an indictment to be good for a second offense it must not only charge the sale in the second offense to have happened within a year next before the finding of the indictment, but it must charge that the sale of the intoxicating liquors by the defendant in the first offense was since the effective date of the Rash-Gullion Act. The indictment before us charges the appellant with the sale of liquor to Vernon Taylor; that she was convicted of that sale by a judgment rendered in the Clark circuit court on the 7th day of April, 1924, which has never been appealed from, vacated, modified or set aside and is now in full force and effect; but it does not charge that the sale was made since the taking effect of the Rash-Gullion Act. Nor does it state when the sale to Taylor was made. So far as the indictment shows the sale may have been five years ago and conviction may have been four years ago and before the taking effect of the act. To sustain a conviction for a second offense under this act, it must be alleged and proven that the defendant had been previously convicted of a violation of the act, charge the date on which the sale was made or allege such facts as would indicate that the sale was made since the effective date of the act, otherwise the indictment is bad. The indictment in the instant case does not make such allegations and was, therefore, fatally defective. If it had charged that the judgment for the first conviction, on the 7th of April, 1924, for the first offense was for the sale made to Vernon Taylor on a certain day and date, and should have shown it was since the effective date of this act, or have charged that the sale to Taylor was since the 22nd of March, 1922, the indictment would have been sufficient in this respect. Appellant also complains that the indictment accused her of more than one offense and it was, therefore, duplicitous and subject to demurrer. We have ruled, however, that when a demurrer is entered to such an indictment and the Commonwealth elects which offense charged in the indictment it will rely upon for a conviction, the trial court may overrule the demurrer and proceed with the trial confining the Commonwealth to the cause which it elects to prosecute. The demurrer on this ground was not well taken. Wax v. Commonwealth, 214 Ky. 480.

The evidence, it would seem, was sufficient to carry the case to the jury and to sustain the conviction.

Appellant's next insistence is that the instructions of the court to the jury were erroneous, and in this we concur.    Instruction No. 1 should have required the jury to believe from the evidence beyond a reasonable doubt that in Clark county and within one year before the finding of the indictment the defendant sold, etc., intoxicating liquors to the witness, Wisman. . It is also subject to the same criticism as the indictment in that the instructions did not require the jury to believe that the sale of the whiskey, which is relied upon to constitute the first offense, was since the effective date of the Rash-Gullion Act.

For the reasons indicated the judgment is reversed for new trial consistent with the views herein expressed.

Judgment reversed.