## Neal v. Commonwealth.

(Decided October 7, 1927.)

### Appeal from Boyd Circuit Court.

1. Indictment and Information.—Failure to allege in indictment, under Ky. Stats., 1922, sec. 2554a-2, for second violation of Rash-Gullion Act (Acts 1922, c. 33), by possessing intoxicating liquor, that first offense was committed and first conviction had after such act took effect, is fatal.

2. Criminal Law.—First conviction of possessing intoxicating liquor, in violation of Rash-Gullion Act (Acts 1922, c. 33), is as much an ingredient of second offense, made a felony by Ky. Stats., 1922, sec. 2554a-2, as violations of statute in each instance; particular violation being primarily a misdeameanor, converted into felony only because of defendant's persistent violation of statute.

3. Criminal Law.—In absence of allegation in indictment that first violation of Rash-Gullion Act (Acts 1922, c. 33) and first conviction thereof occurred after such act took effect, as required to sustain felony charge of second violation under Ky. Stats., 1922, sec. 2554a-2, court should have required commonwealth, on defendant's motion, to elect to prosecute her only on misdeameanor charge of possessing intoxicating liquor.

4. Indictment and Information.—Omitted allegation of indictment, charging second violation of Rash-Gullion Act (Acts 1922, c. 33), by possessing intoxicating liquor, that first offense and conviction occurred after such act took effect, as required to sustain felony charge under Ky. Stats., 1922, sec. 2554a-2, cannot be supplied by proof of such facts.

5. Indictment and Information.—Rule forbidding proof without allegation applies to trials under indictments as well as in civil cases.

6. Criminal Law.—Judgment of conviction for possessing intoxicating liquor, in violation of Rash-Gullion Act (Acts 1922, c. 33), being suspended by appeal bond, was not final pending appeal so as to render it competent to enlarge second violation into felony within Ky. Stats., 1922, sec. 2554a-2.

7. Criminal Law.—First conviction, to be available under habitual criminal statutes, such as Ky. Stats., 1922, sec. 2554a-2, making second violation of Rash-Gullion Act (Acts 1922, c. 33), as by possessing intoxicating liquor, a felony, must be final when invoked in enforcement of felony statute.

8. Criminal Law.—Court of Appeals takes judicial notice of its own records, showing reversal of defendant's first conviction of violating statute as demonstrating soundness of rule that such conviction is not final pending appeal so as to render it competent to enlarge second violation into felony.

JOHN W. McKENZIE for appellant.

FRANK E. DAUGHERTY, Attorney General, and G. D. LITSEY, Assistant Attorney General, for appellee.

Opinion of the Court by Judge Thomas—Reversing.

In May, 1926, the grand jury of Boyd county indicted appellant and defendant below, Marie Neal, accusing her of unlawfully possessing intoxicating liquor in violation of our statute known as the Rash-Gullion Act (Laws 1922, c. 33). An attempt was made in the indictment to allege a previous conviction of a violation of the same act so as to bring it within the last paragraph of section 2554a-2 of the 1922 edition of Carroll's Kentucky Statutes, which paragraph provides for a felony punishment for a second violation of certain designated sections of the statute. Defendant's demurrer filed to the indictment was overruled with exceptions and her motion to require the Commonwealth to elect whether it would prosecute her for the misdemeanor charge for the last-alleged offense, or for the attempted felony charge made therein, received a like fate, followed by exceptions. The trial resulted in a conviction with an attached punishment of defendant by confinement in the penitentiary for one year. Her motion for a new trial was overruled, and, from the judgment sentencing her to the penitentiary, she prosecutes this appeal.

The only language in the indictment with reference to the first conviction is in these words:

"This is the second offense for violation of chapter 33, Acts of the 1922 Legislature, known as the Rash-Gullion Act, enacted March 22, 1922; she having heretofore been convicted in the police court of the city of Ashland, Boyd county, Ky., of the offense of possessing whisky unlawfully and not for sacramental, scientific, mechanical, or medicinal purposes in the commonwealth of Kentucky, against the peace and dignity of the commonwealth of Kentucky."

Passing the manifest informality of alleging and presenting the first conviction, and accepting it as sufficient for the purposes of this opinion, it will be observed that it nowhere avers that the alleged first offense was committed *after* the taking effect of the statute in 1922. Neither is it alleged that the first *conviction* was after the taking effect of that act, and we have uniformly held, in construing the felony paragraph of section 2554a-2, supra, that a failure to make such allegations in the indictment was fatal. Some of the cases so construing the

statute are Blanton v. Commonwealth, 210 Ky. 571, 276 S. W. 533, Blevins v. Commonwealth, 215 Ky. 769, 286 S. W. 1059, and Alford v. Commonwealth, 216 Ky. 405, 287 S. W. 937.   There are a number of others to the same effect, and the correct rule of criminal pleading so adopted by those opinions is also followed by other courts of last resort and indorsed by standard text-writers.   There can be no argument against its soundness, since the particular violation with which defendant is charged, is primarily a misdemeanor under the statute, and the punishment therefor is enlarged so as to convert that particular charge into a felony only because of the persistence of defendant in violating the statute a second time.   The first conviction, therefore, is as much an ingredient of the last one so as to convert it into a felony as is the fact of the violations of the statute in each separate instance.   For the first conviction to have such effect, the indictment must allege it in such language as to make it clearly appear that the first conviction was in reality a former violation of the same statute, and, in order for that to appear, it must be averred that at the time of the commission of the offense on the first charge the statute was in effect and the law of the land.   There cannot, therefore, be any possible doubt as to the mandatory requirement that the facts should be so averred in the indictment.   It not having been done in this case, the court should have required the commonwealth to elect to prosecute defendant only on the misdemeanor charge, since that was the only one legally set forth in the indictment.   Some of the above-cited cases, if not all of them, hold that, if the indictment is good as to the misdemeanor charge, a demurrer filed thereto would not apply to it as a whole and should be overruled, since a public offense was charged therein.

The rule applicable to the trial of indictments is that a requisite allegation therein cannot be supplied by proof of the fact, if the indictment did not contain such necessary allegation; in other words, the rule is that proof without allegation applies to trials under indictments the same as in civil cases.   The court therefore erred in admitting the introduction of any testimony for the purpose of establishing the first conviction which was attempted to be charged in the indictment but so defectively as to be fatal thereto.   We might close this opinion at this point, were it not for the fact that on a return of

the case the indictment might be resubmitted and a new one found correcting the errors herein pointed out, and because of that possibility we will discuss and determine the only other remaining question in the case.

It is stipulated in the record thus:

"It is admitted by the commonwealth's attorney that Marie Neal has been convicted in this court for possessing liquor, and that said case is now in the Court of Appeals, and that same has not yet been passed upon by that court."

Defendant's counsel contends that, inasmuch as the judgment on the first charge was suspended by the appeal bond executed by defendant in appealing from that judgment to this court, with that appeal still pending at the time of the trial herein, the judgment of conviction in the circuit court on the first charge was not final so as to render it competent to enlarge her second violation into a felony within the meaning of the statute, and which contention we think is correct.

That the first conviction, in order to be available under "habitual criminal statutes" must be final at the time it is invoked in the enforcement of the felony provisions of the statute there can be no question. It is so stated as the correct rule in the text of 16 C. J. 1341, par. 3155, and we have been unable to find any pronouncement by a court or text-writer to the contrary. The question then narrows to the point as to whether a suspension of the execution of the judgment of conviction for the first violation, by appealing therefrom to a court of review as provided by the law of the forum, postpones the finality of the judgment so as to render it unavailable pending the appeal in trials of subsequent prosecutions under habitual criminal statutes, as is the one here involved. The text of the volume of Corpus Juris supra, 1342, par. 3161, directly bearing upon the point, says:

"Where an appeal from a former conviction is pending, the record of such conviction is not admissible in evidence for the purpose of showing that defendant is guilty of a second offense."

The correctness of that rule was endorsed by the Supreme Court of Kansas in the case of State v. Volmar, 6 Kan. 379, and it was, in effect, so held by us in the case of Hazelrigg, County Judge, v. Douglas, 126 Ky. 738, 104

S. W. 755. The question as to the finality of the judgment of conviction in a misdemeanor charge was involved in that case. Certain members of the fiscal court of Montgomery county were indicted, and upon their trial in the circuit court were convicted of malfeasance in office. They superseded the judgments and appealed to this court, and the question involved was whether their suspension from office, which was a part of the penalty in addition to the imposed fine, was superseded by that appeal so as to make valid their acts as members of the court pending that appeal? In holding that the appeal would have such effect, the opinion said:

> "A sufficient answer to this is that, in the administration of justice, under our procedure, no judgment of an inferior tribunal can be deemed to finally adjudge the rights of the parties when the person against whom it is entered prosecutes within the time and in the manner allowed by law an appeal to a court having jurisdiction to revise it. . . . . Upon the whole, we are of the opinion that the fair meaning of the constitutional provision allowing an appeal carries with it the right to suspend the judgment; and that, during the pendency of the appeal, neither the judgment imposing the fine nor vacating the office becomes effective."

In the case of Foure v. Commonwealth, 214 Ky. 620, 283 S. W. 958, one of the errors relied on for a reversal of the judgment of conviction was that a witness for defendant was compelled to answer, for the purpose of impeachment, whether he had been convicted of a felony prior to the time he testified, when at that time the impeaching judgment of conviction sought to be proven by the commonwealth was pending in this court for a review on appeal therefrom. The ruling of the court requiring the witness to answer and admit his former conviction, notwithstanding he had appealed therefrom and the appeal undisposed of, was held by us to be erroneous. In disposing of the question, the opinion said:

> "Gillis had been convicted a second time under this indictment, and his appeal was pending at the time of this trial. He was introduced as a witness for defendant, and on cross-examination was required to answer that he had been convicted of a felony, although it was shown that an appeal was

then pending in his case. While in a proper case a witness may be impeached by asking him as to his being convicted for a felony, here this was error for two reasons: First, the Code provision (section 597, Civil Code), authorizing such impeachment, refers to a judgment of conviction, which of course means the final judgment. Ordinarily this refers to the judgment of the circuit court, but an appeal in a criminal case suspends the judgment, which does not become final until a termination of the appeal. If the witness' case is reversed and on final trial he should be acquitted, it will not be contended that on a subsequent trial he could be impeached by showing such conviction, and during the pendency of the appeal it cannot be determined what the final judgment shall be.''

See, also, the text in 8 R. C. L. 274, par. 289, wherein it is said, inter alia:

"An erroneous (first) conviction (under an habitual criminal statute) is voidable merely and not void, and, until proper steps are taken to secure its reversal, it will stand and be as effective as a conviction free from error.''

The inference therefrom is that, if "proper steps are taken to secure its reversal," it will not be effective as a conviction for the purpose of enlarging the punishment on a second one. We thus see that, according to acknowledged text-writers, a suspended judgment of conviction by appealing therefrom takes away from it the quality of finality so as to render it efficacious as a final conviction, and it was by analogy so held by us in the Hazelrigg and Foure cases, supra. In the former the appeal was from a misdemeanor conviction, while the latter involved an appeal from a felony conviction. If, as in the Foure case, an appeal from a conviction for a felony rendered the judgment incompetent for the purpose of impeaching the defendant as a witness under the provisions of section 597 of the Civil Code, a fortiori, would a superseded appeal from a misdemeanor conviction render it incompetent as evidence in proof of a necessary fact to convert what would otherwise be a misdemeanor into a felony.

The soundness of what we have said is forcibly illustrated by what transpired since the trial of this case, and of which we are made aware by taking judicial notice of

our own records, and of being so informed by counsel for both defendant and the commonwealth in their briefs. That information is that, on March 8, 1927, the first conviction of defendant was reversed by us in Neal v. Commonwealth, 218 Ky. 718, 292 S. W. 314, and in which we held that the testimony of the commonwealth on that, her first conviction, was, for the reasons stated in the opinion, wholly incompetent, and which left the commonwealth without any testimony at all. Such a situation demonstrates the soundness of the rule above applied, since in this case the first conviction was by due process of law wiped out and expunged, so to speak, from the record, thereby leaving no first conviction so as to convert this one into a felony.

For the reasons stated, the judgment is reversed, with directions to set it aside and to sustain the motion for a new trial, and for further proceedings consistent with this opinion.