## French v. Commonwealth.

(Decided December 16, 1927.)

## Appeal from Union Circuit Court

1. Indictment and Information.—In prosecution under Rash-Gullion Act (Laws 1922, c. 33), making second offense felony, indictment need not allege that offense charged in previous conviction occurred after act became effective, if allegations of indictment are such as to make it plain that previous offense did in fact occur after such date.
2. Indictment and Information.—In prosecution for second offense of possessing intoxicating liquor under felony provision of Rash-Gullion Act (Laws 1922, c. 33), indictment showing that first criminal charge was returned 20 months after act became effective, and that punishment fixed under former judgment was that prescribed by Rash-Gullion Act, held sufficient though it did not specifically allege that offense charged in previous conviction occurred after act became effective.
3. Searches and Seizures.—Fact that house, described in affidavit for search warrant as located in the city of Waverly, was in fact about 75 feet outside corporate limits, did not render affidavit or search warrant defective, where location of house outside city was not generally known.

YEAMAN, PENTECOST & YEAMAN for appellant.

FRANK E. DAUGHERTY, Attorney General, for appellee.

OPINION OF THE COURT BY TURNER, COMMISSIONER—Affirming.

In November, 1926, there was returned against appellant an indictment charging him with the possession of intoxicating liquor. The first count charges the possession of the liquor on the — day of October, 1926, and within 12 months before the finding of the indictment; and in a second count it is charged that he had theretofore been convicted of the same offense in the same court at the November term, 1923, and a conviction under the felony provisions of the Rash-Gullion Act (Laws 1922, c. 33) was sought under the second count. A trial was had on the last indictment, and defendant, being found guilty, was sentenced to two years' imprisonment, from which judgment this appeal is prosecuted.

Three questions are raised:

(1) That the felony is insufficiently charged in the second count of the indictment, because, as said, it fails to allege that the first offense charged in the second count

was committed since the effective date of the Rash-Gullion Act.

(2) That the instructions upon the second count were necessarily, therefore, wrongfully given, if the second count was insufficient.

(3) That defendant was entitled to a verdict of not guilty under the last charge, the evidence being incompetent, because procured under an insufficient description contained in a search warrant of the appellant's home.

1. The second count of the indictment charges that defendant—

"in the state of Kentucky, at the November term, 1923, to-wit, November 28, 1923, was indicted by the grand jurors of Union county in the state of Kentucky for the offense of unlawfully having in his possession intoxicating liquor, . . . and punishable as such under the laws of the commonwealth of Kentucky by a fine of not less than $100 nor more than $300, and by confinement in the jail for a period of not less than 30 days nor more than 60 days, and afterwards at the November term, 1923, to-wit, on the 1st day of December 1923, in the said Union circuit court, the defendant, indicted as aforesaid, . . . pleaded guilty of said offense, and was tried for said offense, and submitted his case to the court without the intervention of a jury, and was found guilty of said offense on said December 1, 1923, as aforesaid, and his punishment fixed by the court by a fine of $200 and 30 days in jail."

And it is then charged therein that the judgment so entered at that time has ever since been in full force and effect, has never been vacated, modified, set aside, or appealed from, and the indictment refers to the order book and the page where the judgment may be found.

It is true, as urged by appellant, that this court has in several cases held that an indictment under the Rash-Gullion Act for second or third convictions must charge that the previous offenses relied upon to make the felony provisions effective were for offenses committed after the effective date of the Rash-Gullion Act; but in the case of Alford v. Com., 216 Ky. 405, 287 S. W. 937, it is held that an allegation in an indictment which sets up such facts as would clearly indicate the former conviction relied upon had happened since the effective date of the act was sufficient. In other words, although there may

not be in the indictment a specific allegation that the offense charged in the previous conviction relied upon had occurred since the Rash-Gullion Act became effective, if in fact there are such allegations as to make it plain that the previous offense had occurred since that date, then the allegation will be sufficient, and the indictment held good.

The Rash-Gullion Act became effective March 22, 1922, and the first indictment relied upon here is charged to have been returned on the 28th of November, 1923, something more than 20 months after that act became effective. The indictment in this case further sets forth the punishment fixed in the judgment under appellant's plea of guilty in the first case, and further alleges what was then the punishment prescribed by law for that offense, and shows that the punishment then fixed by the court was such as was and is prescribed by the Rash-Gullion Act. These allegations are convincing that the first indictment, to which the defendant pleaded guilty, was returned more than 20 months after the effective date of the Rash-Gullion Act, and that under his plea of guilty the court meted out to him his punishment as provided by that act. We are convinced that the allegations of the indictment in question show sufficiently that the first conviction relied upon was had under the provisions of the Rash-Gullion Act, and it results that the demurrer to the felony provisions of the indictment was properly overruled.

The indictment being sufficient, as we have seen, to sustain a conviction of felony, it results, of course, that the instructions on that subject were authorized; there being no other criticism of them.

The third question made arises in this way: The defendant resided at the time just in the edge of Waverly, a municipality in Union county. The place where he then resided is just outside the corporate limits by some 60 to 75 feet, and the affidavit for the search warrant states that:

"One Charlie French has unlawfully in his possession intoxicating liquor in and on the premises of said dwelling occupied by said Charlie French as a residence *in* the city of Waverly, Union county."

It is contended that the evidence disclosed by this search of appellant's house outside the corporate limits of Waverly was incompetent, because the affidavit and

search warrant referred to his residence as being in Waverly. The evidence discloses that the house was only about 75 feet from the corporate limits, and the front gate of the place only about 25 feet; in fact, it discloses that it was not generally known whether the house was, or not, within the corporate limits. There is no pretense that the description of the house where French lived was in any other respect insufficient or uncertain. It seems to have been a place generally known, and the officers could have had no semblance of doubt as to the place referred to in the warrant and the affidavit. It would be a mere hypercritical quibble to say, under the facts disclosed, that it was an insufficient description of his house.

The evidence showed beyond question defendant's guilt on the last trial, and, as the indictment was sufficient, and the evidence shows that defendant on the first trial pleaded guilty to an indictment which charged him with the possession of intoxicating liquor within 12 months before the 28th day of November, 1923, there can be no doubt he was at that time tried and sentenced under the Rash-Gullion Act.

Judgment affirmed. Whole court sitting.