## J. B. CHAMPION v. STATE.

No. A-7626.   Opinion Filed April 18, 1931.
(298 Pac. 303.)

Earl A. Brown, for plaintiff in error.

J. Berry King, Atty. Gen., for the State.

DAVENPORT, P. J.   The plaintiff in error, hereinafter called defendant, was convicted in the county court of Carter county on a charge of having possession of intoxicating liquor with intent to barter, sell, give away, and otherwise furnish to others, and was sentenced to pay a fine of $100 and costs, and to be imprisoned in the county jail for 60 days.   The defendant moved to suppress the evidence on the ground that the affidavit and warrant were insufficient to authorize the search of defendant's home.

The record discloses that, at the time charged, a deputy sheriff and some other officers procured a search warrant to search the following property "at number First house west of John Kincaid's facing south on Fifteenth Ave., at No. 2 N. W. Street, in a certain building described as follows; one-story frame building occupied as a residence by J. B. Champion, in Carter County." It is not stated of what town, if any, the first house west of John Kincaid's facing south on Fifteenth avenue, at No. 2 N. W. Street, is a part. The warrant in this case is insufficient under article 2, Bill of Rights, § 30, Const. The affidavit with which the search warrant was obtained is insufficient under section 7013, Comp. St. 1921, to authorize the issuance of the warrant. The only evidence in the case being obtained by an illegal search of the residence of the defendant, it was error for the trial court to overrule the motion to suppress the evidence.

For the reason stated, the case is reversed.

CHAPPELL and EDWARDS, JJ., concur.