# McCARTHY v. STATE.

No. A-11596.   Oct. 15, 1952.

(249 P. 2d 139.)

John L. Ward, Jr., Tulsa, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and James P. Garrett, Asst. Atty. Gen., for defendant in error.

BRETT, P. J.   The plaintiff in error, Harry McCarthy, defendant below, was charged on January 19, 1951 by information in the district court of Tulsa county, Oklahoma, with the crime of unlawful possesion of intoxicating liquor, second and subsequent offense.  The charging part of the information is in substance in words and figures as follows, towit:

"Harry McCarthy on the 12th day of January, A. D. 1951, in Tulsa County, State of Oklahoma, and within the jurisdiction of the Court, did unlawfully, wrongfully, wilfully and feloniously, have in his possession certain intoxicating liquor, towit: Forty-eight one-half pints of Log Cabin; sixty Pints Ancient Age; Ninety Pints Hill & Hill; Seventy-two Pints and Twelve one-fifth gallons Belmont; Seventy-two Pints and Six one-fifth gallons Seagram's 7-Crown; Six one-fifths Glenmore; Sixty-six Pints Cascade; Twenty-four Pints James E. Potter, and Forty-eight Pints Old Forester, all tax-paid liquors, with the unlawful intent then and there upon the part of the defendant to barter, sell, give away and otherwise furnish same in violation of the prohibitory laws of the State of Oklahoma; That said defendant, heretofore, to-wit: on the 22nd day of September, 1944, was convicted of Unlawful Possession of Intoxicating Liquor in the Court of Common Pleas within and for Tulsa county, .Oklahoma, and was fined $150.00, and costs, by Hon. Carter Smith, Judge of said Court, being case number 45,969," etc.

To the foregoing information the defendant pleaded not guilty, waived a jury and was tried by the court, found guilty, his punishment fixed at 6 months in the penitentiary and a fine of $500; from which this appeal has been perfected.

There is but one issue raised herein.  The defendant filed his motion to suppress the evidence on the ground of the insufficiency of the search warrant and partcularly the description of the property to be searched.  The defendant contends the description of the premises to be searched is so vague, insufficient and uncertain

that the officer serving the same could not and was not able to effect service thereon without the use of discretion upon his part. He cites in support thereof the following authorities: Pitzer v. State, 69 Okla. Cr. 363, 103 P. 2d 109; Herrion v. State, 79 Okla. Cr. 48, 150 P. 2d 865; Young v. State, 63 Okla. Cr. 196, 74 P. 2d 392; Weisband v. State, 69 Okla. Cr. 79, 100 P. 2d 297; Wallace v. State, 89 Okla. Cr. 365, 208 P. 2d 190. We find no fault with the authorities relied on by the defendant as a general proposition. The description contained in the search warrant, offered in evidence herein, reads as follows, towit:

"A certain 6 room stone and frame house, located at 580 South Maplewood street, an extension of a street in the city of Tulsa, Tulsa County, Oklahoma, * * *."

The defendant contends the description in the search warrant requires the place to be searched to be within the city limits of the city of Tulsa. We do not construe the description to be so restricted. It merely required that the premises be located at 580 South Maplewood, an extension of the street in the city of Tulsa, Oklahoma, and located in Tulsa county. There could not be the slightest room for defendant's argument had the warrant read, "580 South Maplewood, Tulsa county, Oklahoma, an extension of a street within the city of Tulsa, Oklahoma". However, we do not see that the grammatical construction employed makes the warrant unintelligible or confusing. Certainly, in light of the record herewith presented, this conclusion is unescapable.

There was offered in evidence defendant's Exhibit No. 3, a plat map of the city of Tulsa and its environs. The plat of the city limits of Tulsa are shown thereon in white and areas outside the city limits, in which we are herein interested, are shown in light yellow. The parties stipulated there was a north Maplewood street located within the city limits of the city of Tulsa in what is designated on the plat, Exhibit 3, as B-10 area. This street runs into a dead end at Pine street running east and west. South of this area and across some unplatted land is what is designated on Exhibit 3 as "Fairland", a platted area, in which is located in a direct line extending south from North Maplewood street, a projection thereof which is designated as Maplewood avenue. This street is outside the city limits of the city of Tulsa and likewise runs into a dead end at Archer street running east and west. South of Archer street across six blocks in a direct line extension of North Maplewood and Maplewood avenue on the plat map again appears Maplewood avenue, in the Glen Haven area designated as D-10 on the map, that runs from 5th Street south to 11th Street. In the record it is admitted that in this vicinity south of the north and south dividing line of the city of Tulsa there were signs designating this street as South Maplewood, and that the defendant's home was located at 580 thereon. It is stipulated that this is the place that was searched, and where the liquor in question was seized. Upon these facts the defendant contends that Maplewood was not a continuous street, and that there was in fact no where in the city of Tulsa a South Maplewood Street. It is contended that under the description contained in the search warrant the officer would have to resort to information other than that contained in the search warrant. With this contention we cannot altogether agree. In McCarthy v. State, 91 Okla. Cr. 294, 218 P. 2d 397, 398, we held:

"An officer serving a search warrant may refer to maps plats (etc., to obtain general information as to the general location of a piece of property, the particular location of which is specifically described in the warrant; * * *."

Thus having the general location of North Maplewood as it appears on defendant's Exhibit 3 and as extended south and beyond into the 500 block into Tulsa county, Oklahoma, the officer armed with the search warrant in light of the record could not miss South Maplewood so marked and designated by street signs,

and then proceeding to the 500 block could not possibly miss 580, the home of the defendant. This is all that is required in the search warrant. As was said in Pickens v. State, 71 Okla. Cr. 167, 110 P. 2d 319:

"The description of the premises to be searched is sufficient, if it enables the officers executing the search warrant to locate the premises to be searched without the aid of any other information save that contained in the search warrant."

Herein once the officer had the general layout, the description in the search warrant was entirely adequate to lead them to the defendant's premises. He needed no other information. Even a stranger under the conditions herein disclosed could have found the place designated in the search warrant. We are of the opinion that in light of the record herein made by the defendant on the motion to suppress, the contention of confusion as to the description in the search warrant could not be successfully maintained. Moreover, nowhere does the defendant attempt to show that the description herein involved could have been confused with any other description. It often occurs that streets are extended in a manner not based on continuity, jumping over blocks, unplatted areas, etc. Exhibit 3 offered in evidence by the defendant affords abundant proof of the truthfulness of this conclusion. In fact, such appears to be the case of Lakewood, Norwood, Joplin and Hudson avenues within the city of Tulsa in Tulsa county, Oklahoma where an identical situation with the one involved in the case at bar occurs, and within the same vicinity as herein involved. The fact that the street extension is broken and not continuous does not prevent the same from being an extension of another portion thereof. For all the above and foregoing reasons we are of the opinion that the trial court did not err in overruling the defendant's motion to suppress. The judgment and sentence herein is accordingly affirmed.

JONES and POWELL, JJ., concur.