**Jimmy Leroy LUNA, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Sept. 9, 1977.

Grant of review vacated, Sept. 19, 1978.

Jack Emory Farley, Public Defender, Com. of Kentucky by Timothy T. Riddell, Asst. Public Defender, Frankfort, for appellant.

Robert F. Stephens, Atty. Gen., Robert W. Hensley, Asst. Atty. Gen., Frankfort, for appellee.

Before GANT, HAYES, and HOWERTON, JJ.

HAYES, Judge.

Appellant, Jimmy Leroy Luna, was indicted for trafficking in a schedule I non-narcotic (Hashish). He was convicted of trafficking in a schedule I non-narcotic, second offense, and was sentenced to ten years in the penitentiary.

■ The only alleged error, of any substance, is whether the trial court erred in submitting the case to the jury as a second offense, thereby enhancing the penalty, when such was not charged in the indictment.

The defendant, Luna, was indicted for a violation of KRS 218A.050 for trafficking in a controlled substance, a non-narcotic—hashish. No mention was made in the indictment that this was Luna's second offense. When Luna testified on direct examination he volunteered he had been convicted previously of trafficking in a controlled substance. The Commonwealth Attorney then sought and received permission to reopen the prosecution's case and proved the previous conviction in the McCracken Circuit Court in 1973.

The only comment from Luna's attorney to all this was that he stipulated the previous conviction. Also there were no objections made to the court's instructions.

Enhanced penalty provisions are not uncommon to Kentucky criminal law. Some of the more common offenses which have enhanced penalty provisions are as follows:

(1) Drug offenses, KRS 218A.990.

(2) Persistent felony offenders, KRS 532.080.

(3) Local option violations, KRS 242.990.

(4) Driving while intoxicated, KRS 189.-990(10).

Appellant argues that KRS 218A.990(2) is a separate offense from KRS 218A.050(3)

and therefore, the indictment was improperly "amended" by the trial court after the trial had begun. We do not agree. We interpret the enhancement provision of KRS 218A.990(2) to mean that this provision is not a separate or additional offense under the Kentucky Penal Code, but is merely a means that permits evidence to be entered that may be helpful to the court or jury in fixing the term of punishment. In the case of *Wolford v. Buchanan*, 313 Ky. 512, 232 S.W.2d 1016 (1950), the defendant Wolford was indicted for the offense of housebreaking and the second and third counts of the indictment charged former felony convictions pursuant to the Habitual Criminal Act as it then existed. The law of this Commonwealth, at that time, was that the indictment could charge only one offense, and if the defendant was accused of two or more offenses, the Grand Jury must return a separate indictment for each offense. Wolford claimed, therefore, the indictment was defective since two offenses were charged in the single indictment. The court there, as we do here, held that the inclusion of the counts in the indictment pursuant to the Habitual Criminal Act were not charges of an offense, but addressed themselves only to the penalty. See also *McIntyre v. Commonwealth*, 154 Ky. 149, 156 S.W. 1058 (1913) and *Allen v. Commonwealth*, 272 Ky. 533, 114 S.W.2d 757 (1938).

RCr 6.12 states that an indictment is not ". . . invalid . . . for any defect or imperfection which does not tend to prejudice *the substantial rights* of the defendant upon the merits. (Emphasis added).

RCr 6.16 states:

The Court may permit an indictment or information to be amended any time before verdict or finding if no additional or different offense is charged and if substantial rights of the defendant are not prejudiced.

The defendant's substantial rights were not prejudiced since the defendant himself brought up the prior offense and stipulated its accuracy. Defendant is presumed to know his previous record. In no way was he prevented from preparing his defense more adequately, nor were there any surprises. Appellant states if he had known he would be tried as a second offender, he would have "entered his plea" more intelligently. It is noted from the transcript of record that the appellant turned down a one year offer from the Commonwealth before trial. As further noted from the trial transcript he had "back-up" time to do if convicted on the present charge, so apparently appellant could not "take" any time on the present charge. It was very unlikely that the fact he could get ten years instead of five years had anything to do with his "plea bargaining", under the circumstances.

The Kentucky cases cited by appellant involved violation of the Rash-Gullion Act (1922) which provided for enhanced penalties upon second convictions of the Act, *Alford v. Commonwealth*, 216 Ky. 405, 287 S.W. 937 (1926) and *Spencer v. Commonwealth*, 221 Ky. 166, 298 S.W. 389 (1927); and enhanced penalties for being an habitual criminal, *Stewart v. Commonwealth*, 2 Ky.Law Rep. 386, 11 Ky.Opin. 138 (1881) and *Carter v. Commonwealth*, 2 Ky.Law Rep. 311, 11 Ky.Opin. 92 (1881). These cases stand for the proposition that to sustain a conviction for a second offense of the local option law, it must be alleged and proven that the defendant had been previously convicted of a violation of that act or, in the case of a violation of the habitual criminal statute, that the defendant had been convicted of a previous felony or felonies. We have no quarrel with the rule in those old cases. However, RCr 6.12 or RCr 6.16 did not exist at the time of those cases. The law that existed prior to the enactment of the Rules of Criminal Procedure in 1962, was generally that an indictment, if for a statutory offense, had to follow the wording of the statute, and if for a common law offense, had to state in detail all the elements of the crime, or else the indictment was fatally defective upon demurrer, *Mitchell v. Commonwealth*, 88 Ky. 349, 11 S.W. 209 (1889); *Commonwealth v. Grinstead*, 108 Ky. 59, 55 S.W. 720 (1900); *Carroll v. Commonwealth*, 164 Ky. 599, 175 S.W. 1043 (1915). Also *Commonwealth v. Adams*, 92 Ky. 134, 175 S.W. 276 (1891).

Previous to the enactment of the Criminal Rules of Procedure in 1962, the law of this Commonwealth was that an indictment could not be amended. In the case of *Commonwealth v. International Harvester Company of America,* 147 Ky. 735, 145 S.W. 400 (1912), the indictment is set forth in detail and indicates an attempt by the Commonwealth to charge the International Harvester Company with violating the Kentucky Anti-trusts Laws of 1890, when in fact the laws that governed the misconduct were enacted in 1906. The legal maneuver by the International Harvester Company was to file a general demurrer to the indictment. The Commonwealth then offered to file a bill of particulars which the court refused to permit and the court sustained the demurrer and dismissed the indictment. The Court stated:

> The effect of filing a bill of particulars would be to amend the indictment. *This can not be done.* A defective pleading may be amended, but an indictment can not, and when it is defective the only remedy open to the Commonwealth is to resubmit the questions to the grand jury and have another indictment returned. *Id.* at 736, 145 S.W. at 401 (Emphasis ours).

Obviously, then, the law as it was when *Alford v. Commonwealth, supra; Spencer v. Commonwealth, supra; Stewart v. Commonwealth, supra,* and *Carter v. Commonwealth, supra,* were decided is not the law today as it exists under RCr 6.16.

We are of the opinion further that Luna has not properly preserved this issue for appeal since he entered no objection at the trial level. *Salisbury v. Commonwealth,* 556 S.W.2d 922 (1977) and *Eversole v. Commonwealth,* Ky., 550 S.W.2d 513 (1977).

Appellant also argues that the trial court erred in permitting the Commonwealth's Attorney to ask a police officer witness if the defendant made any statements. Appellant believes this is a violation of the rule in *Niemeyer v. Commonwealth,* Ky., 533 S.W.2d 218 (1976). We, again, disagree. If there was error, and we feel there was not, it was waived by the defendant when he failed to object, *Eversole v. Commonwealth, supra.*

Judgment is affirmed.

All concur.